NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> BUCKLEY RECYCLE CENTER INC; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> JEFFREY SPENCER, <br><br> Defendant, <br><br> v. <br><br> COUNTY OF KING, <br><br> Movant. | No. 22-35967 <br><br> D.C. No. 2:13-cv-01184-RSM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 3, 2023**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

Seattle, Washington

Before: WARDLAW and M. SMITH, Circuit Judges, and HINKLE,*** District Judge.

Defendants-Appellants Buckley Recycle Center, Inc., Ronald Shear, and Ronda Sterley (collectively, Defendants) appeal (1) the district court's October 2022 order denying Defendants' motion to modify the consent decree entered in this case, as well as (2) the November 2022 order denying Defendants' motion for reconsideration. Notwithstanding Defendants' arguments aimed at the district court's December 2020 order granting Plaintiff-Appellee Waste Action Project's motion to modify the consent decree, Defendants never appealed that order, and it is therefore not subject to our review. *See Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) (noting that "an appeal from the denial of a Rule 60(b) motion brings up for review only the denial of that motion, but not the underlying judgment"). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. The district court did not abuse its discretion in denying Defendants' motion to modify the consent decree. *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1402 (9th Cir. 1997). It reasonably concluded that Defendants' reasons for the

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

proposed modifications, including their own role in causing permitting delays, did not constitute a "significant change in circumstances" justifying revision of the decree, or "extraordinary circumstances" warranting relief pursuant to Federal Rule of Civil Procedure 60(b). *NLRB v. Int'l Ass'n of Ironworkers Union, Loc. 433*, 891 F.3d 1182, 1186 (9th Cir. 2018); *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023). Moreover, Defendants failed to show why the 18-24 month break they sought was "suitably tailored to resolve the [alleged] problems created by" any supposed change in conditions. *United States v. Asarco, Inc.*, 430 F.3d 972, 979-80 (9th Cir. 2005).

2. Defendants' argument as to the district court's denial of their motion for reconsideration is premised on their contention that the district court erroneously denied the motion to modify the consent decree. Because the district court did not abuse its discretion by denying Defendants' motion to modify, and because Defendants did not present "new facts or legal authority which could not have been brought to [the district court's] attention earlier with reasonable diligence," the district court did not abuse its discretion in denying the motion for reconsideration. W.D. Wash. Local Civ. Rule 7(h)(1); *see Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020).

**AFFIRMED.**

3